Scott S. Anders, WSBA #19732
scott.anders@jordanramis.com
Daniel L. Steinberg, WSBA #30080
daniel.steinberg@jordanramis.com
Joseph A. Rohner IV, WSBA #47117
JORDAN RAMIS PC
1499 SE Tech Center Place, Ste. 380
Vancouver, Washington 98683
Telephone: (360) 567-3900
Facsimile: (360) 567-3901

*Attorneys for American Education Services*

Hon. Mary Jo Heston
Chapter: 7
Hearing Date: July 14, 2020
Hearing Time: 9:00 a.m.
Response Date: July 7, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re

ANGELA YUN DELGADO,

Debtor.

Case No. 19-43978-MJH
Adv No.: 20-04012-MJH

NOTICE OF HEARING AND MOTION TO VACATE DEFAULT JUDGMENT

### NOTICE OF HEARING - TELEPHONIC

YOU ARE HEREBY NOTIFIED that the foregoing hearing will be heard telephonically on July 14, 2020, at 9:00 a.m., before the Honorable Mary Jo Heston, United States Bankruptcy Court, Courtroom H, Tacoma, Washington. Conference call in information for chambers is as follows:

**Judge Mary Jo Heston**
**Dial: 1-888-363-4749**
**Enter Access Code: 5635947#**
**Press the # sign**
**Enter Security Code when prompted: 3887#**
**Speak your name when prompted**

American Education Services (hereinafter "AES"), a party in interest herein, intends to have an order entered vacating the Judgment of Full Discharge of Student Loans Owed to AES

NOTICE OF HEARING AND MOTION TO VACATE
DEFAULT JUDGMENT - Page 1

JORDAN RAMIS PC
Attorneys at Law
1499 SE Tech Center Place, Ste. 380
Vancouver, Washington 98683
Telephone: (360) 567-3900 Fax: (360) 567-3901
54115-78504 4839-7871-7631.2

Case 20-04012-MJH    Doc 22    Filed 06/10/20    Ent. 06/10/20 12:44:48    Pg. 1 of 12

entered on or about May 19, 2020, if no written objection is filed with the Court and a copy served on the moving party, Scott S. Anders and Daniel L. Steinberg, Attorneys at Law, 1499 SE Tech Center Way, Suite 380, Vancouver, WA 98683, by the response date of July 7, 2020.

## MOTION

Pursuant to Bankruptcy Rule 7055, Federal Rules of Civil Procedure 55 and 60, Defendant American Education Services ("AES" or "Defendant AES") moves the Court to vacate the Ex Parte Order of Default Against Defendant AES (docket No. 17) and the Judgment of Full Discharge of Student Loans Owed American Education Services (Docket No. 18), both of which were entered by the Court on or about May 19, 2020.

This motion is supported by the memorandum of points and authorities below and the declaration of Katelynn Bias ("Bias Dec."), which is filed concurrently with this Motion.

## BACKGROUND

This matter arises from an Adversary Complaint filed in the bankruptcy case of Plaintiff Angela Yun Delgado ("Plaintiff"), on or about March 9, 2020, in which she sought a determination of whether certain student loan debt should be subject to discharge under the undue hardship standard of 11 U.S.C. 523(a)(8). Docket No. 1, p.1. As alleged in the Adversary Complaint, Plaintiff is indebted to Defendant United States Department of Education on certain federal student loans, Docket No. 1., ¶ 2.1.A, and Plaintiff is indebted to Defendant Wells Fargo on certain private student loans, Docket No. 1, ¶ 2.1.C. Plaintiff also asserts that she is indebted to AES for certain private student loans, Docket No. 1, ¶ 2.1.B, although this allegation is not factually accurate. Defendant AES is not the owner of these loan obligations, but rather is the loan servicer on the loans in question on behalf of the actual owners or holders. Bias Dec., ¶ 6.

NOTICE OF HEARING AND MOTION TO VACATE
DEFAULT JUDGMENT - Page 2

JORDAN RAMIS PC
Attorneys at Law
1499 SE Tech Center Place, Ste. 380
Vancouver, Washington 98683
Telephone: (360) 567-3900 Fax: (360) 567-3901
54115-78504 4839-7871-7631.2

Case 20-04012-MJH    Doc 22    Filed 06/10/20    Ent. 06/10/20 12:44:48    Pg. 2 of 12

Plaintiff filed with the Court on or about March 18, 2020, a Proof of Service of Summons and Complaint form, in which she indicated (by and through prior counsel Richard D. Granvold) that she had mailed a copy of the Summons and Complaint to all Defendants on or about March 18, 2020. Docket No. 4. Unfortunately, this mailing occurred at almost the same time as the Coronavirus Pandemic began to hit the United States in earnest. By the time the Complaint and Summons were delivered to Defendant AES at its physical location in Harrisburg, Pennsylvania, substantial staffing reductions were required in order to protect the health and well-being of Defendant AES's employees, and to comply with state law. Bias Dec., ¶ 3. On March 19, 2020, Pennsylvania Governor Tom Wolf issued an Order that provided "[n]o person or entity shall operate a place of business in the Commonwealth that is not a life sustaining business regardless of whether the business is open to members of the public."[1] These unprecedented events and the restrictions on daily business life that followed unfortunately resulted in a substantial delay in Defendant's ability to process the Adversary Complaint and to determine the appropriate course of action. Bias Dec., ¶ 3.

Matters were also complicated because the name on Plaintiff's loan documentation did not match, as she was listed as "Angela Y. Motts" rather than "Angela Yun Delgado". Bias Dec., ¶ 4. After the Adversary Complaint was received and reviewed, Defendant AES needed additional time to determine who the borrower was on the loans at issue in order to respond to the matter in a proper way. Bias Dec., ¶ 4. By the time Defendant AES was able to address and

---

[1] Available at: https://www.scribd.com/document/452416027/20200319-TWW-COVID-19-Business-Closure-Order

NOTICE OF HEARING AND MOTION TO VACATE
DEFAULT JUDGMENT - Page 3

JORDAN RAMIS PC
Attorneys at Law
1499 SE Tech Center Place, Ste. 380
Vancouver, Washington 98683
Telephone: (360) 567-3900 Fax: (360) 567-3901
54115-78504 4839-7871-7631.2

Case 20-04012-MJH    Doc 22    Filed 06/10/20    Ent. 06/10/20 12:44:48    Pg. 3 of 12

respond to Plaintiff, an Order and Judgment had already been entered against Defendant. Bias Dec., ¶ 5.

On or about April 30, 2020, Plaintiff moved *ex parte* for an Order of Default and Judgment against Defendant AES, on the sole ground of failure to file an Answer to the Adversary Complaint. Docket No. 14, p.1 (noting that "Defendant has failed to answer Plaintiff's Complaint with in the time required by law[.]"). The Court then signed and entered Plaintiff's Ex Parte Order of Default Against Defendant AES, on or about May 19, 2020 (Docket No. 17). Further, the Court signed and entered Plaintiff's Judgment of "Full Discharge of Student Loans Owed [to] American Education Services" on the same date. Docket No. 18. The Judgment purports to find that Plaintiff was indebted to Defendant AES, but that failure to file an Answer to the Adversary Complaint and result in an "order that said debts are dischargeable in full pursuant to 11 U.S.C. 523(a)(8)" and in Judgment "that said debt owed by [Plaintiff] is discharged pursuant to 11 U.S.C. 523(a)(8) in full said debts owed to AMERICAN EDUCATION SERVICES." Docket No. 18, p.2.

## STANDARDS

Bankruptcy Rule 7055 provides that Rule 55 of the Federal Rules of Civil Procedure applies in adversary proceedings. Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." When discussing "good cause" standard, the Court considers three factors: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether they had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of*

NOTICE OF HEARING AND MOTION TO VACATE DEFAULT JUDGMENT - Page 4

JORDAN RAMIS PC
Attorneys at Law
1499 SE Tech Center Place, Ste. 380
Vancouver, Washington 98683
Telephone: (360) 567-3900 Fax: (360) 567-3901
54115-78504 4839-7871-7631.2

Case 20-04012-MJH    Doc 22    Filed 06/10/20    Ent. 06/10/20 12:44:48    Pg. 4 of 12

*Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010), *citing Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 924-25 (9th Cir. 2004).

In addition, Rule 60(b) provides several grounds for relief from a final judgment or order that can be raised by motion and just terms, including the following:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

A motion under Rule 60(b) need only be brought within a reasonable time. Under subsections (b)(1), (2), and (3) a "reasonable time" is defined as "no more than a year after entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

It has long been recognized that a failure of a litigant to act in a timely manner can be excused if it is caused by situations that were beyond the control of the moving party. *See Pincay v. Andrews,* 389 F3d 853, 856 (9th Cir. 2004) (using the example of a messenger being hit by a truck on the way to the court clerk's filing desk).

The law strongly disfavors default judgments as they deny a litigant the power to contest a binding edict of the Court. Decisions should be made on the merits when possible. "Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). *Also see, Latshaw v. Trainer Wrotham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006); *Speiser, Krause*

NOTICE OF HEARING AND MOTION TO VACATE
DEFAULT JUDGMENT - Page 5

JORDAN RAMIS PC
Attorneys at Law
1499 SE Tech Center Place, Ste. 380
Vancouver, Washington 98683
Telephone: (360) 567-3900 Fax: (360) 567-3901
54115-78504 4839-7871-7631.2

Case 20-04012-MJH    Doc 22    Filed 06/10/20    Ent. 06/10/20 12:44:48    Pg. 5 of 12

& *Madole P.C. v. Ortiz*, 271 F.3d 884, 890 (9th Cir. 2001); and *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc (May 9, 2001), overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001).

## DISCUSSION

I.  **Good Cause to Set Aside the Order Exists.**

A. <u>Defendant AES did not engage in culpable conduct that led to the default.</u>

Under the test adopted by the Ninth Circuit Court of Appeals for setting aside an order of default, Defendant AES can plainly demonstrate that it did not engage in culpable conduct that led to the default order. As noted, Defendant AES was required to respond to the Coronavirus Pandemic by drastically reducing its staff in response to state law. Bias Dec., ¶ 3. This caused an unfortunate delay in its ability to review and respond appropriately to the Adversary Complaint. This circumstance, however, was almost entirely beyond Defendant AES's ability to control. Additionally, Defendant AES was further delayed in its response effort because it had to confirm the borrower's identity due to a discrepancy between Plaintiff's name as it appeared on the loan documents and as it appeared in the filings in this Court. Bias Dec., ¶ 4.

In no case, therefore, did Defendant AES's actions make it culpable in the events that led to the default in question.

B. <u>Defendant AES has meritorious defenses.</u>

Defendant AES has meritorious defenses to Plaintiff's Adversary Complaint. First and foremost, Plaintiff has materially misidentified the parties to whom she actually owes repayment obligations on her student loans. Plaintiff alleges in the Adversary Complaint that she owes

NOTICE OF HEARING AND MOTION TO VACATE DEFAULT JUDGMENT - Page 6

JORDAN RAMIS PC
Attorneys at Law
1499 SE Tech Center Place, Ste. 380
Vancouver, Washington 98683
Telephone: (360) 567-3900 Fax: (360) 567-3901
54115-78504 4839-7871-7631.2

Case 20-04012-MJH    Doc 22    Filed 06/10/20    Ent. 06/10/20 12:44:48    Pg. 6 of 12

obligations to Defendant AES on certain student loans. Docket No. 1, ¶ 2.1.B. That is not the case, however, because Defendant AES is simply the loan servicer and not the owner or holder of these loan repayment obligations. Bias Dec., ¶ 6. Plaintiff requests a discharge of her loan obligations, Docket No. 1, ¶ 3.1, but these loans and the obligations attached to them are not owned by Defendant AES. Accordingly, Plaintiff has not asked for relief against the real party in interest and any relief as to Defendant AES is ineffective to discharge her loan obligations.

Second, the basis of Plaintiff's claim is an assertion of undue hardship under 11 U.S.C. 523(a)(8). Docket No. 1, ¶ 2.5. It is Plaintiff's burden alone to establish a claim of undue burden. *See, e.g., In re Rifino*, 245 F.3d 1083, 1087–88 (9th Cir. 2001) ("Under this test, the burden of proving undue hardship is on the debtor, and the debtor must prove all three elements before discharge can be granted."). Plaintiff should not be relieved of this obligation of her burden of proof, particularly when she has not named the actual owners of her loans and in light of the strong preference of precedent that matters should be decided on the merits and not simply by default. *Falk*, 739 F.2d at 463.

C. <u>Plaintiff will not be subjected to prejudice.</u>

Finally, setting aside the Order of Default will not in any way prejudice Plaintiff. Each of the other Defendants in this Adversary Complaint have denied that Plaintiff is entitled to this exception. Docket No. 7, p. 2 (Defendant Wells Fargo denies Plaintiff is entitled to the undue burden discharge); Docket No. 8, ¶ 2.5 (Defendant United States denies Plaintiff's allegation and puts Plaintiff to her proof). Therefore, Plaintiff will already have to establish her entitlement to a discharge under Section 523 in this matter no matter what occurs with AES's Motion. Plaintiff cannot show prejudice under such circumstances.

NOTICE OF HEARING AND MOTION TO VACATE
DEFAULT JUDGMENT - Page 7

JORDAN RAMIS PC
Attorneys at Law
1499 SE Tech Center Place, Ste. 380
Vancouver, Washington 98683
Telephone: (360) 567-3900 Fax: (360) 567-3901
54115-78504 4839-7871-7631.2

Case 20-04012-MJH    Doc 22    Filed 06/10/20    Ent. 06/10/20 12:44:48    Pg. 7 of 12

Further, it makes no sense to keep the Order and Judgment in place under these circumstances, as Plaintiff must still carry her burden on the defense at hand. Leaving matters as they stand could result in an inconsistent and somewhat nonsensical outcome, whereby two of the three Defendants would benefit if Plaintiff fails to establish entitlement to a discharge under Section 523, while the third will be treated as if Plaintiff had actually established this as a fact. There is no reason to invite such inconsistency. But perhaps most importantly, setting aside the Order as to Defendant AES will not increase Plaintiff's burden in the least and will therefore cause her zero prejudice.

## II. The Judgment Should Be Set Aside

Defendant AES submits that the same arguments also weigh in its favor under the standards of Rule 60(b)(1), which permits setting aside a judgment under the rationale of (1) mistake, inadvertence, surprise, or excusable neglect. The Spring of 2020 saw vast and unprecedented events take place nationwide in response to a worldwide Coronavirus Pandemic. The impacts of this crisis are pervasive and impossible to ignore. The instant case is only one small example of the business disruption that has been caused nationwide. As outlined above, these circumstances lead directly to the delay in responding to Plaintiff's Adversary Complaint. In light of the dramatic changes that caused this to take place, Defendant AES requests that the Court exercise its discretion and find that the Default Judgment should be set aside under the authority vested in it by Rule 60(b)(1). *See Pincay,* 389 F3d at 856 (excusable neglect can be based on factors that are beyond a litigant's control that cause a default).

//

//

NOTICE OF HEARING AND MOTION TO VACATE
DEFAULT JUDGMENT - Page 8

JORDAN RAMIS PC
Attorneys at Law
1499 SE Tech Center Place, Ste. 380
Vancouver, Washington 98683
Telephone: (360) 567-3900 Fax: (360) 567-3901
54115-78504 4839-7871-7631.2

Case 20-04012-MJH    Doc 22    Filed 06/10/20    Ent. 06/10/20 12:44:48    Pg. 8 of 12

Additionally, Defendant AES notes that the Court would also be justified in setting aside the Default Judgment under either Rule 60(b)(4) (pertaining to void judgments) or Rule 60(b)(6) (permitting a judgment to be set aside for "any other reason that justifies relief"). As noted, Defendant AES does not own the rights to any repayment or other loan obligation that arose from Plaintiff's student loans. Bias Dec., ¶ 6. Even so, the Default Judgment purports to discharge any debts that Plaintiff owes to Defendant AES. Docket No. 18, p.2. Defendant AES respectfully submits that there is no such debt that fits this definition as Plaintiff owes the owners of her loan obligations, not AES. For that reason, setting aside the Default Judgment is warranted for this second reason.

**III.     This Motion is Timely.**

Finally, there can be no real question that Defendant AES has filed this Motion in a timely manner. As of this filing, the Order and Judgment have been entered for approximately one month's time. As noted above, Rule 60(c) provides that a motion is presumed to be brought within a reasonable time if it is brought within one year's time. Thus, AES's Motion is undeniably timely.

**CONCLUSION**

For the reasons stated above, Defendant AES respectfully requests that the Judgment of Full Discharge of Student Loans Owed [to] American Education Services (Docket No. 18) and the Ex Parte Order of Default Against Defendant American Education Services (Docket No. 17) be vacated in full.

//

//

//

NOTICE OF HEARING AND MOTION TO VACATE DEFAULT JUDGMENT - Page 9

JORDAN RAMIS PC
Attorneys at Law
1499 SE Tech Center Place, Ste. 380
Vancouver, Washington 98683
Telephone: (360) 567-3900 Fax: (360) 567-3901
54115-78504 4839-7871-7631.2

Case 20-04012-MJH    Doc 22    Filed 06/10/20    Ent. 06/10/20 12:44:48    Pg. 9 of 12

1  If the Court grants this relief, Defendant AES will commit to answering the Adversary
2  Complaint within 10 days of the entry of an order granting the instant Motion.
3         DATED this 10th day of June, 2020.

                                    JORDAN RAMIS PC


                              By:   /s/ Scott S. Anders
                                    Scott S. Anders, WSBA #19732
                                    Daniel L. Steinberg, WSBA #30080
                                    Joseph A. Rohner IV, WSBA #47117
                                    *Attorneys for American Education Services*

NOTICE OF HEARING AND MOTION TO VACATE
DEFAULT JUDGMENT - Page 10

JORDAN RAMIS PC
Attorneys at Law
1499 SE Tech Center Place, Ste. 380
Vancouver, Washington 98683
Telephone: (360) 567-3900 Fax: (360) 567-3901
54115-78504 4839-7871-7631.2

Case 20-04012-MJH    Doc 22    Filed 06/10/20    Ent. 06/10/20 12:44:48    Pg. 10 of 12

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I electronically filed the foregoing **NOTICE OF HEARING AND MOTION TO VACATE DEFAULT JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Angela Yun Delgado
PO Box 257-1689
Olympia, WA 98507
  *Pro Se*

Kristen R Vogel
US Attorney's Office
700 Stewart St, Ste 5220
Seattle, WA 98101
206-553-7970
Email: kristen.vogel@usdoj.gov
  *Attorney for US Department of Education*

Joseph W McIntosh
James K Miersma
McCarthy & Holthus, LLP
108 1st Avenue South, Suite 300
Seattle, WA 98104
(206) 319-9049
Fax : (206) 780-6862
Email: jmcintosh@McCarthyHolthus.com
Email: bknotice@mccarthyholthus.com
  *Attorneys for Wells Fargo Education Financial Services*

United States Trustee
700 Stewart St Ste 5103
Seattle, WA 98101
(206) 553-2000
USTPRegion18.SE.ECF@usdoj.gov

Mark D Waldron
6711 Regents Blvd W, Suite B
Tacoma, WA 98466
253-565-5800 x101
Trustee@mwaldronlaw.com
  *(US Trustee)*

NOTICE OF HEARING AND MOTION TO VACATE
DEFAULT JUDGMENT - Page 11

JORDAN RAMIS PC
Attorneys at Law
1499 SE Tech Center Place, Ste. 380
Vancouver, Washington 98683
Telephone: (360) 567-3900 Fax: (360) 567-3901
54115-78504 4839-7871-7631.2

Case 20-04012-MJH    Doc 22    Filed 06/10/20    Ent. 06/10/20 12:44:48    Pg. 11 of 12

I also certify the foregoing NOTICE OF HEARING AND MOTION TO VACATE DEFAULT JUDGMENT was served via U.S. Mail on the following parties:

Angela Yun Delgado
PO Box 257-1689
Olympia, WA 98507
*Pro Se*

Kristen R Vogel
US Attorney's Office
700 Stewart St, Ste 5220
Seattle, WA 98101
206-553-7970
Email: kristen.vogel@usdoj.gov
*Attorney for US Department of Education*

Joseph W McIntosh
James K Miersma
McCarthy & Holthus, LLP
108 1st Avenue South, Suite 300
Seattle, WA 98104
(206) 319-9049
Fax : (206) 780-6862
Email: jmcintosh@McCarthyHolthus.com
Email: bknotice@mccarthyholthus.com
*Attorneys for Wells Fargo Education Financial Services*

United States Trustee
700 Stewart St Ste 5103
Seattle, WA 98101
(206) 553-2000
USTPRegion18.SE.ECF@usdoj.gov

Mark D Waldron
6711 Regents Blvd W, Suite B
Tacoma, WA 98466
253-565-5800 x101
Trustee@mwaldronlaw.com
*(US Trustee)*

DATED: June 10, 2020.

/s/ Allyson Taylor
Allyson Taylor
Legal Assistant to Scott S. Anders

NOTICE OF HEARING AND MOTION TO VACATE DEFAULT JUDGMENT - Page 12

JORDAN RAMIS PC
Attorneys at Law
1499 SE Tech Center Place, Ste. 380
Vancouver, Washington 98683
Telephone: (360) 567-3900 Fax: (360) 567-3901
54115-78504 4839-7871-7631.2

Case 20-04012-MJH    Doc 22    Filed 06/10/20    Ent. 06/10/20 12:44:48    Pg. 12 of 12